McCARTHY LAW PLC
Kevin F. McCarthy, 011017
Jacob W. Hippensteel, 032713
Elliot S. Isaac, 013882 (of counsel)
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
602-456-8900
jacob.hippensteel@mccarthylawyer.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Anderson, an individual, <br><br> Plaintiff, <br><br> v. <br><br> 2nd Chance Treatment Center, an Arizona Professional Limited Liability Company, <br><br> Defendant. | Case No.: 2:19-cv-00337-DLR <br><br> **FIRST AMENDED VERIFIED COMPLAINT** <br><br> (Jury Trial Demanded) |

Plaintiff Brian Anderson hereby alleges as follows:

## PARTIES

1. Mr. Anderson was a resident of Maricopa County, Arizona during the relevant period.

2. Defendant is a professional limited liability company organized under the laws of, and regularly conducting business within, the State of Arizona.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the acts, events, or omissions giving rise to Plaintiff's claims occurred in whole, or in part, within the District of Arizona.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

5. Mr. Anderson is African-American.
6. Mr. Anderson was employed by defendant as a laboratory technician from May of 2017 until he was terminated on or about January 18, 2018.
7. Mr. Anderson earned a salary of approximately $50,000 per year.
8. Mr. Anderson's job performance was consistently high during his employment with Defendant.
9. Defendant operates drug-addiction rehabilitation centers that treat alcohol and opioid addiction using medications such as Suboxone.
10. Defendant treated Mr. Anderson differently from other non-African-American employees during his employment because of his race.
11. On or about November 13, 2017, Dr. Ashwin Reddy sent a message to Jewel, an Administrative Assistant at 2nd Chance, instructing her to get "that n*gg*r to get his shit done" referring to Mr. Anderson.
12. From November of 2017 through his termination, Mr. Anderson's supervisors and Dr. Reddy treated him differently from other non-African-American employees, because of his race. For example, Mr. Anderson was blamed and forced to take fault for errors committed by other, non-African-American employees.
13. Defendant ultimately terminated Mr. Anderson because of his race.
14. Mr. Anderson filed a charge of discrimination with the United State Equal Employment Opportunity Commission (the "EEOC") on or about May 30, 2018
15. A Right to Sue Letter was issued to Mr. Anderson on December 14, 2018.
16. During his employment by Defendant, Mr. Anderson customarily and regularly performed non-exempt work.
17. Mr. Anderson's duties and responsibilities are non-exempt and include performance of various tasks at the direction of Defendant and Mr.

Anderson's supervisors.

18. Mr. Anderson did not have any managerial duties or functions and received less than $100,000 in total annual compensation.

19. Mr. Anderson did not have the ability to hire or fire employees.

20. During the course of his employment, Mr. Anderson routinely and regularly worked for Defendant in excess of forty hours per workweek without being paid overtime wages.

21. Defendant paid Mr. Anderson the same wages, regardless of the actual hours worked.

## COUNT ONE

### TITLE VII OF THE CIVIL RIGHTS ACT

22. Plaintiff incorporates by reference each of the foregoing allegations as though fully set forth herein.

23. As an African-American, Mr. Anderson is a member of a protected class.

24. During the course of Mr. Anderson's employment, Defendant discriminated against and terminated Mr. Anderson based on his race in violation of Title VII of the Civil Rights Act of 1964, as amended.

25. As a direct and proximate result of this discrimination, Mr. Anderson has suffered damages.

## COUNT TWO

### TITLE VII OF THE CIVIL RIGHTS ACT – HOSTILE ENVIRONMENT

26. Plaintiff incorporates by reference each of the foregoing allegations as though fully set forth herein.

27. Mr. Anderson was subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature.

28. This conduct was unwelcome.

29. The conduct was sufficiently severe to alter the conditions of Mr. Anderson's employment and create a racially abusive or hostile work

environment.

30. Mr. Anderson perceived the working environment to be abusive or hostile.
31. A reasonable man in Mr. Anderson's circumstances would consider the working environment abusive or hostile.
32. As a direct and proximate result of this conduct, Mr. Anderson has suffered damages.

## COUNT THREE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff incorporates by reference each of the foregoing allegations as though fully set forth herein.
34. Defendant's conduct was extreme and outrageous.
35. Defendant's conduct was either intentional or reckless.
36. Defendant's conduct cause Mr. Anderson to suffer severe emotional distress.
37. As a direct and proximate result of this conduct, Mr. Anderson has suffered damages.

## COUNT FOUR

### FAIR LABOR STANDARDS ACT (29 U.S.C. §207)

38. Plaintiff incorporates by reference each of the foregoing allegations as though fully set forth herein.
39. At all relevant times, Mr. Anderson was employed by Defendants within the meaning of the FLSA.
40. Mr. Anderson is an employee entitled to the statutorily mandated overtime wages.
41. Defendants have intentionally failed and/or refused to pay Plaintiff's overtime wages according to the provisions of the FLSA.
42. As a direct result of Defendants' violations of the FLSA, Mr. Anderson has

suffered damages by not receiving compensation to which he is entitled under 29 U.S.C. §207.

43. In addition to the amount of unpaid overtime wages owed to Mr. Anderson, he is entitled to recover an additional amount as liquidated damages pursuant to 29 U.S.C. §216(b).

44. Defendants' actions in failing to compensate Mr. Anderson, in violation of the FLSA, were willful.

45. Defendants knew Mr. Anderson was not being compensated overtime for time worked in excess of 40 hours in a given workweek and fail to pay proper overtime wages.

46. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

47. Defendants have not made a good faith effort to comply with the FLSA.

48. Mr. Anderson is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. §216(b).

## COUNT FIVE

### RACIAL DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

49. Plaintiff incorporates by reference each of the foregoing allegations as though fully set forth herein.

50. 42 U.S.C. §1981 prohibits race discrimination in the making and enforcing of contracts, which includes, but is not limited to, employment relationships.

51. Mr. Anderson was subjected to intentional discrimination because of his race and status as an African American.

52. As outlined above, Defendants intentionally made discriminatory comments and actions with respect to Mr. Anderson's race.

53. Defendants' remarks and actions, coupled with Defendants' willful and continued inaction to correct or address such racial animus, as well as its

wrongful termination of Mr. Anderson's employment, amounts to intentional discrimination in violation of 42 U.S.C. §1981.

54. As a direct and proximate result of this intentional discrimination, Mr. Anderson has suffered numerous damages including but not limited to, lost wages, employment benefits, other compensation, costs, and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief against Defendant as follows:

A. Award Plaintiff back pay, front pay, and any other available compensatory damages, as may be determined at trial;

B. Award Plaintiff liquidated damages pursuant to 29 U.S.C. §216(b)

C. Award Plaintiff general damages for his emotional distress, sleeplessness, depression, loss of focus and concentration, pain and suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and the loss of the enjoyment of life, as may be determined at trial;

D. Award Plaintiff attorneys' fees and costs incurred in the prosecution of this action;

E. Pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate.

F. Post-judgment interest at the highest lawful rate for all amounts, including attorneys' fees, awarded against Defendant; and

G. All other relief, whether legal, equitable or injunctive, as this court deems just and proper.

///

///

Respectfully submitted this 26th day of March, 2019.

                McCARTHY LAW PLC

By: */s/Jacob W. Hippensteel*
    Kevin F. McCarthy
    Elliot S. Isaac (of counsel)
    Jacob W. Hippensteel
    4250 N. Drinkwater Blvd., Ste. 320
    Scottsdale, Arizona 85251

### CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing. Additionally, a copy of the foregoing document was electronically transmitted to the following recipients:

John Alan Doran (JDoran@ShermanHoward.com)
Lindsay H. S. Hesketh (LHesketh@ShermanHoward.com)
Sherman & Howard LLC
7033 E. Greenway Parkway, Ste. 250
Scottsdale, Arizona 85254


By:/s/ Zac Landis